**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANN J. THOMAS, | DOCKET NUMBER |
| Appellant, | AT-3330-12-0270-B-2 |
| v. | |
| DEPARTMENT OF LABOR, | DATE: September 13, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lorenzo Cobb, Esquire, Sugarhill, Georgia, for the appellant.

Melanie L. Paul, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 This appeal is before the Board after remand. The record reflects that at the time of this appeal the appellant was employed as an Unemployment Insurance Program Specialist, GS-0106-12, with the Employment and Training Administration, Department of Labor, in Atlanta, Georgia.[2] Initial Appeal File (IAF), Tab 17, Initial Decision (ID) at 2. The appellant is a 10-point preference eligible. IAF, Tab 6 at 59. On August 4, 2011, the appellant applied for a position of Workforce Development Specialist, DE-11-ATL-ETA-120, that was listed as open only to "ICTAP Eligibles in the Local Commuting Area."[3] ID at 2. The appellant submitted her materials for the posting but did not submit her form DD-214 as the posting required to qualify for veterans' preference. ID at 2 n.3. The agency informed the appellant that she was not eligible for the position

[2] The agency has noted that, effective October 19, 2014, the appellant was promoted to a GS-13 position in the Unemployment Insurance Division of the agency's Employment and Training Administration (ETA), where she had the requisite 52 weeks of specialized service at the GS-12 level. Remand Petition for Review (RPFR) File, Tab 3 at 4 n.1.

[3] ICTAP refers to the Interagency Career Transition Assistance Plan, a program established by the Office of Personnel Management that gives priority placement to displaced Federal workers. *See generally* 5 C.F.R. part 330, subpart G.

because she did not submit proof that she was an ICTAP-eligible employee. ID at 2.

¶3        The appellant filed a complaint with the Department of Labor's Veterans' Employment and Training Service (VETS) alleging that her veterans' preference rights were violated by not considering her for the position. ID at 2–3. On December 5, 2011, VETS notified the agency that it found that the agency's failure to include the appellant on the list of candidates violated her right to compete. IAF, Tab 1 at 10–11. VETS requested that the agency determine the appellant's qualifications for the position. *Id.* at 11. On January 13, 2012, VETS notified the appellant that it was closing her case and it found no violation based upon the agency's subsequent review of her qualifications and determination that she was not qualified for the position. *Id.* at 12. On February 4, 2012, the appellant filed a Board appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) and requested a hearing. *Id.* at 1, 4, 7. On August 16, 2012, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that the agency denied her the right to compete for a vacant position in violation of 5 U.S.C. § 3304(f)(1). ID at 1, 5.

¶4        On review, the Board found that the record was not sufficiently developed to determine whether the agency properly assessed the appellant's qualifications and whether the agency denied her a right to compete. Thus, the Board remanded the appeal to require the agency to provide evidence and argument regarding the basis for disqualifying the appellant for the position, including what qualifications the agency relied upon in making its determination. *Thomas v. Department of Labor*, MSPB Docket No. AT-3330-12-0270-I-1, Remand Order (May 24, 2013). On remand, the administrative judge held a hearing and required the parties to supplement the record. After a thorough review of the hearing testimony and additional documentary evidence, the administrative judge found that the agency properly determined that the appellant was not qualified for the

Workforce Development Specialist position because she lacked the specialized experience working with discretionary grants required for the position. Remand File (RF), Tab 11, Remand Initial Decision (RID) at 2–5. Accordingly, the administrative judge denied the appellant's request for corrective action under the VEOA.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 An agency is not required to consider a veteran eligible for a position for which the individual is not qualified. *Clarke v. Department of the Navy*, 94 M.S.P.R. 604, ¶ 8 (2003). However, the Board may review whether the agency denied the appellant the right to compete by improperly finding her not qualified for the position. *Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 12 (2008), *cited with approval in Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1320–21 (Fed. Cir. 2012). Here, the Board remanded the appeal because it found the criteria used in assessing the appellant's qualifications to be ambiguous based on inconsistencies between the language of the vacancy announcement and the required qualifications for the position that the agency actually evaluated the appellant against. Specifically, the vacancy announcement required 52 weeks of specialized experience and it provided a list of "examples." The Board found that, when the agency reviewed the appellant's qualifications, it noted that she possessed some of the examples of specialized skills, but it was unclear whether the agency determined if she had 52 weeks of the required experience as stated in the vacancy announcement.

¶6 On review, the appellant asserts that the administrative judge abused her discretion by allowing the agency, when making its qualification analysis, to consider qualification factors not in alignment with the language of Vacancy Announcement No. DE-11-ATL-ETA-120. Remand Petition for Review (RPFR) File, Tab 1. Specifically, the appellant argues that the administrative judge abused her discretion in finding that she was not qualified for the position at issue

because she allegedly did not have experience in the area of discretionary grants, which was not explicitly required in the vacancy announcement. RPFR File, Tab 1 at 8. The appellant asserts that the Board's remand order held that the only outstanding issue should have been "whether the agency determined the appellant to have 52 weeks of experience as required by the vacancy announcement." *Id*. at 9. The appellant also asserts that the agency did not challenge her claim that she has 52 weeks of specialized experience in the areas she identified at the hearing and that, pursuant to the qualification standards set forth in the vacancy announcement, she was clearly qualified for the position at issue.

¶7    However, as the Board stated in it decision remanding this appeal, the record was ambiguous regarding the criteria the agency used in assessing the appellant's qualifications, and, as a result, it was necessary to remand the appeal for the record to be further developed to enable the Board to determine whether a right-to-compete violation occurred. In accordance with our instructions, the administrative judge held a hearing and addressed the issue of whether the appellant had 52 weeks of experience as required by the vacancy announcement. As the record reflects, the vacancy announcement stated that an applicant must have 52 weeks of specialized experience, and it defined this as experience "directly related to the line of work of the position to be filled and which has equipped the applicant with the specific knowledge, skills and abilities to successfully perform the duties of the position." It then set forth the following "examples" of specialized experience:

> Providing oversight and guidance to one or more discretionary grantees at the State or local level to help them meet program objects and grant requirements. Providing technical guidance to and coordinating the efforts of workforce development personnel and other subject-matter specialists working on assigned grants/projects. Studying new and proposed legislation and regulations to determine impact on the program. Interpreting program data, developing proposed changes and anticipating the effects and outcomes of the program. Using approved review guides to conduct on-site interviews. Presenting discretionary and other ETA grant programs

> information to a diverse audience including congressional staff, interested citizens, other Federal agencies, etc.
>
> Specialized experience in managing or working with federally funded workforce program grants (i.e, Youth Build, Energy Training Partnership grants, High Growth and Emerging Industries, Pathways out of Poverty, etc.)

IAF, Tab 6 at 41.

¶8     In finding that the agency properly determined that the appellant was not qualified for the Workforce Development Specialist position because she lacked the specialized experience working with discretionary grants required for the position, the administrative judge noted that agency witnesses had extensive experience in the area of human resources and were familiar with the duties of both the Workforce Development Specialist position and the Unemployment Insurance Program Specialist position, which the appellant held at the time she applied, and that one witness was the Regional Director for the Office of Special Initiatives and Demonstrations who had supervisory duties over the department upon which the Workforce Development Specialist was aligned.  RID at 3–4; RF, Tab 6 at 23.  In addition, the administrative judge acknowledged that, while the vacancy announcement set forth "examples," the language above indicated that the Workforce Development Specialist position required experience with discretionary grants.  RID at 3; IAF, Tab 6 at 41–42.  Moreover, the administrative judge found that the language in the vacancy announcement was supported by the testimony of the agency's witnesses concerning the required discretionary grant experience.  We agree.

¶9     Several times, the language in the announcement explicitly includes the term "discretionary" in relationship to grant or grantee in the required qualifications.  The announcement also reflects that, because the successful applicant would be expected to present "discretionary and other ETA grant programs information to a diverse audience including congressional staff, interested citizens, [and] other Federal agencies," discretionary grant experience

was required. Further, the hearing testimony reflects that the appellant's experience in employment insurance only involved state grants, which are different than discretionary grants because they are based on yearly formulas that are set by statute or annual appropriations by Congress. RID at 3–5; RF, Tab 13, Hearing Compact Disc (HCD). In addition, the administrative judge found it undisputed that the appellant does not have the 52 weeks of discretionary grant experience required for the position. RID at 5.

¶10 The administrative judge also considered the appellant's assertion, which she reiterates on review, that, when she subsequently applied for similar positions requiring discretionary grants and she submitted the identical employment résumé she used for the position in question, the agency found her to be among the best qualified candidates. The administrative judge found, however, that the agency's Supervisory Human Resources Specialist credibly testified that the later determinations, which found that the appellant met the qualifications for the GS‑13 position, were in error because the appellant lacked the 52 weeks of specialized experience working with discretionary grants at the GS-12 level. While the appellant disagrees with the administrative judge's determination that the agency properly found that position required 52 weeks of specialized experience working with discretionary grants, and it is undisputed that she lacked the experience working with discretionary grants, we have found no error by the administrative judge in her findings.

¶11 In a right-to-compete VEOA appeal under 5 U.S.C. § 3304(f)(1), the Board does not determine whether a preference eligible is qualified, or whether she should have been selected, for a particular position in question, but rather, the Board only assesses whether the preference eligible was permitted to compete for the position on the same basis as other candidates. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010); *see Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (finding that an agency "is not required to hire a preference-eligible veteran if . . . it does not believe that the candidate is

qualified or possesses the necessary experience"); *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006) (explaining that VEOA does not provide that a veteran will be considered for a position for which he is not qualified). Moreover, although a preference eligible is entitled to have a broad range of experience considered by the agency in reviewing her application for a position, how the agency adjudges and weighs those experiences is beyond the Board's purview. *See, e.g.*, *Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 7 (2013) (stating that the matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained); *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶¶ 9–10 (2002) (emphasizing that VEOA does not guarantee a preference eligible a position of employment), *aff'd*, No. 02–3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶12        Here, we have carefully reviewed the administrative judge's initial decision; we agree that the agency credited the appellant with all of her valuable experience material to the GS-13 Workforce Development Specialist position; and we find that the appellant cannot demonstrate that the agency failed to consider or omitted any of her prior experiences under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d). The record reflects that the agency dutifully and thoroughly considered the appellant's work history, *see* RID at 3–5 (summarizing hearing testimony); HCD; IAF, Tab 6, Subtabs 2f, 2g, 2j, and there is no evidence in the record that the agency omitted, overlooked, or refused to consider any of the appellant's grant experience in reaching its conclusion that she was not qualified for the GS-13 Work Development Specialist position, *cf. Kirkendall v. Department of the Army*, 573 F.3d 1324, 1325 (Fed. Cir. 2009) (finding a veterans' preference violation when information "was simply ignored . . . because it had not been printed in the two-page, self-made application that [the appellant] submitted"); *Russell v. Department of Health & Human Services*, 117 M.S.P.R. 341, ¶¶ 11–14 (2012) (finding that the agency violated the appellant's veterans' preference rights when it failed to credit him with his veterans' preference as reflected on his Standard

Form 50).  The appellant, moreover, does not dispute that she does not have the 52 weeks of experience in discretionary grants, RPFR File, Tab 1; RID at 4-5, and she has failed to identify any of her experience (military or civilian) that the agency overlooked or failed to consider in finding her not qualified for the position, *see, e.g.*, RPFR File, Tab 1.

¶13     The appellant, as a preference-eligible veteran, was entitled to be credited with "all valuable experience" by the agency in assessing her experience for the GS-13 Workforce Development Specialist position.  *See* 5 U.S.C. § 3311(2); 5 C.F.R. § 302.302(d).  We find that the agency followed this process and considered the totality of the appellant's experiences in determining that she was not qualified for the GS-13 Workforce Development Specialist position.  *See* RID at 3-5.

¶14     Finally, the appellant challenges the administrative judge's credibility determinations and argues that the administrative judge erred by accepting the agency's testimony as true when it was contrary to the record evidence.  While the administrative judge did not specifically cite to factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[4] she did perform a *Hillen*−type analysis when she stated why she found the testimony of the agency witnesses more credible.  Specifically, the administrative judge found that the agency's witnesses explained that the appellant lacked the 52 weeks of specialized experience working with discretionary grants, and thus, the witnesses

---

[4] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which versions he believes, and explain in detail why she found the chosen version more credible, considering such factors as:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.

"adequately explained during their testimony why the appellant does not meet the minimum qualifications for this position at the GS-13 level." RID at 5; HCD.

¶15    As to the subsequent vacancy announcements where the appellant was found qualified for similar positions, the administrative judge explicitly credited the testimony of the Supervisory Human Resources Specialist (concerning the requirements of the positions) over that of the Human Resources Specialists, who made those later erroneous determinations. RID at 5. While the appellant disagrees with the administrative judge's credibility determinations, mere disagreement with the administrative judge's findings does not warrant a full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133–34 (1980). Moreover, because the administrative judge's determinations were founded on implicit and explicit credibility determinations based on the observation of the demeanor of the witnesses testifying at the hearing, we see no basis upon which to disturb her findings in this regard. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002). Accordingly, the administrative judge's initial decision denying the appellant's request for corrective action under VEOA is affirmed.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.